UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
BOWLING GREEN DIVISION
CIVIL ACTION NO. 1:16-CV-00165-HBB

KAREN SUE COOPER                                                                   PLAINTIFF

VS.

NANCY A. BERRYHILL, Acting
Commissioner of Social Security                                                    DEFENDANT

## MEMORANDUM, OPINION, AND ORDER

### BACKGROUND

Before the Court is the complaint (DN 1) of Plaintiff Karen Sue Cooper seeking judicial review of the final decision of the Commissioner pursuant to 42 U.S.C. § 405(g). Both the Plaintiff (DN 12) and Defendant (DN 15) have filed a Fact and Law Summary.

Pursuant to 28 U.S.C. § 636(c) and Fed.R.Civ.P. 73, the parties have consented to the undersigned United States Magistrate Judge conducting all further proceedings in this case, including issuance of a memorandum opinion and entry of judgment, with direct review by the Sixth Circuit Court of Appeals in the event an appeal is filed (DN 10). By Order entered December 27, 2016 (DN 11), the parties were notified that oral arguments would not be held unless a written request therefor was filed and granted. No such request was filed.

## FINDINGS OF FACT

Plaintiff filed an application for Supplemental Security and Disability Insurance Benefits on December 3, 2013 (Tr. 253-66). Plaintiff alleged that she became disabled on April 15, 2009 (Tr. 253). Plaintiff described the conditions leading to her claim as follows:

1. Tendonitis both hands
2. Nerves
3. Right arm and shoulder
4. Neck

(Tr. 282). Administrative Law Judge Greg Holsclaw conducted a hearing on August 25, 2015 in Lexington, Kentucky. Plaintiff was present and represented by M. Gail Wilson. Also present and testifying was William Braunig, a vocational expert (Tr. 29).

In a decision dated October 29, 2015, the ALJ evaluated this adult disability claim pursuant to the five-step sequential evaluation process promulgated by the Commissioner (Tr. 9-28). At the first step, the ALJ found Plaintiff has not engaged in substantial gainful activity since April 15, 2009, the alleged onset date (Tr. 15). At the second step, the ALJ determined that Plaintiff has the following "severe" impairments within the meaning of the regulations:

> [A]sthma; right lateral de Quervain's tendonitis; bilateral de Quervain's tendonitis; status post carpal tunnel release surgeries bilaterally; thoracic outlet syndrome/brachial plexus lesion with history of cervical steroid injection; status post removal of ganglion cyst from left wrist; plantar fasciitis; obesity; rule out diagnosis of right rotator cuff tear; depression; anxiety and post-traumatic stress disorder

(Tr. 15). At the third step, the ALJ concluded that Plaintiff does not have an impairment or combination of impairments that meets or medically equals one of the listed impairments in Appendix 1 (Tr. 15-16).

2

At the fourth step, the ALJ found Plaintiff has the residual functional capacity to perform a reduced range of light work (Tr. 16). More specifically, the ALJ found that Plaintiff has the following exertional and non-exertional restrictions:

> [N]o lifting and carrying more than 20 pounds occasionally, ten pounds frequently; no standing and walking more than six hours out of an eight-hour day, and for no more than 30 minutes at one time; no sitting more than six hours out of an eight-hour day, and for no more than 90 minutes at one time; can do occasional pushing and pulling up to the exertional limitations, such as use of hand controls; no more than occasional balancing, stooping, kneeling, crouching, or climbing of ramps or stairs, but no climbing ladders, ropes or scaffolds or crawling; no reaching overhead bilaterally; no more than frequent handling, fingering or reaching; no work in areas of concentrated heat or humidity; no work in areas of concentrated dusts, fumes, gases or other pulmonary irritants; no work around concentrated full body vibration or use of vibrating hand tools; no more than simple, routine work, can maintain attention and concentration for two hour intervals necessary to complete simple tasks; no more than occasional interaction with coworkers or supervisors; no more than occasional contact with the general public; no more than occasional changes in the workplace setting.

(Tr. 16). Relying on testimony from the vocational expert, the ALJ found that Plaintiff is unable to perform any of her past relevant work as a lumber handler, bending machine operator, and notching or punch press operator (Tr. 22).

The ALJ proceeded to the fifth step where he considered Plaintiff's residual functional capacity, age, education, and past work experience as well as testimony from the vocational expert (Tr. 22-23). The ALJ found that Plaintiff is capable of performing a significant number of jobs that exist in the national economy (Tr. 23). Therefore, the ALJ concluded that Plaintiff has not been under a "disability," as defined in the Social Security Act, from April 15, 2009, through the date of the decision (Tr. 23).

Plaintiff timely filed a request for the Appeals Council to review the ALJ's decision (Tr. 5-8). The Appeals Council denied Plaintiff's request for review of the ALJ's decision (Tr. 1-4).

CONCLUSIONS OF LAW

Standard of Review

Review by the Court is limited to determining whether the findings set forth in the final decision of the Commissioner are supported by "substantial evidence," 42 U.S.C. § 405(g); Cotton v. Sullivan, 2 F.3d 692, 695 (6th Cir. 1993); Wyatt v. Sec'y of Health & Human Servs., 974 F.2d 680, 683 (6th Cir. 1992), and whether the correct legal standards were applied. Landsaw v. Sec'y of Health & Human Servs., 803 F.2d 211, 213 (6th Cir. 1986). "Substantial evidence exists when a reasonable mind could accept the evidence as adequate to support the challenged conclusion, even if that evidence could support a decision the other way." Cotton, 2 F.3d at 695 (quoting Casey v. Sec'y of Health & Human Servs., 987 F.2d 1230, 1233 (6th Cir. 1993)). In reviewing a case for substantial evidence, the Court "may not try the case *de novo*, nor resolve conflicts in evidence, nor decide questions of credibility." Cohen v. Sec'y of Health & Human Servs., 964 F.2d 524, 528 (6th Cir. 1992) (quoting Garner v. Heckler, 745 F.2d 383, 387 (6th Cir. 1984)).

As previously mentioned, the Appeals Council denied Plaintiff's request for review of the ALJ's decision (Tr. 1-4). At that point, the ALJ's decision became the final decision of the Commissioner. 20 C.F.R. §§ 404.955(b), 404.981, 422.210(a); see 42 U.S.C. § 405(h) (finality of the Commissioner's decision). Thus, the Court will be reviewing the decision of the ALJ, not the Appeals Council, and the evidence that was in the administrative record when the ALJ rendered the decision. 42 U.S.C. § 405(g); 20 C.F.R. § 404.981; Cline v. Comm'r of Soc. Sec., 96 F.3d 146, 148 (6th Cir. 1996); Cotton v. Sullivan, 2 F.3d 692, 695-696 (6th Cir. 1993).

The Commissioner's Sequential Evaluation Process

The Social Security Act authorizes payment of Disability Insurance Benefits and Supplemental Security Income to persons with disabilities. 42 U.S.C. §§ 401 et seq. (Title II Disability Insurance Benefits), 1381 et seq. (Title XVI Supplemental Security Income). The term "disability" is defined as an

> [I]nability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve (12) months.

42 U.S.C. §§ 423(d)(1)(A) (Title II), 1382c(a)(3)(A) (Title XVI); 20 C.F.R. §§ 404.1505(a), 416.905(a); Barnhart v. Walton, 535 U.S. 212, 214 (2002); Abbott v. Sullivan, 905 F.2d 918, 923 (6th Cir. 1990).

The Commissioner has promulgated regulations setting forth a five-step sequential evaluation process for evaluating a disability claim. See "Evaluation of disability in general," 20 C.F.R. §§ 404.1520, 416.920. In summary, the evaluation proceeds as follows:

1) Is the claimant engaged in substantial gainful activity?

2) Does the claimant have a medically determinable impairment or combination of impairments that satisfies the duration requirement and significantly limits his or her ability to do basic work activities?

3) Does the claimant have an impairment that meets or medically equals the criteria of a listed impairment within Appendix 1?

4) Does the claimant have the residual functional capacity to return to his or her past relevant work?

5) Does the claimant's residual functional capacity, age, education, and past work experience allow him or her to perform a significant number of jobs in the national economy?

Here, the ALJ denied Plaintiff's claim at the fifth step. For the reasons set forth below, the ALJ supported his decision with substantial evidence, and Plaintiff's claim is denied.

Analysis

Plaintiff first contends the ALJ erred in not considering the entire record (DN 12 at pp. 3-4). Specifically, Plaintiff argues that the ALJ failed to consider the amount of time the Plaintiff would need to spend attending future appointments for medical care. Plaintiff does cite to a list of her various medical appointments in 2014 and 2014 (Tr. 613-14). But Plaintiff offers no citation, either to the record to verify a concrete ongoing treatment plan that would require Plaintiff to miss work, or to a case, rule, or regulation in support of the idea that an ALJ must attempt to divine how a claimant's hypothetical future medical appointments might cause her to miss work. The undersigned has inspected the record and researched the law and finds no support from either source. While some courts have faulted an ALJ's failure to consider the effects of recurring prescribed treatments on a claimant's need to miss work, Plaintiff has failed to identify any such concrete and definable future treatments in this case. *See* Miller v. Astrue, 2012 WL 6644390 (S.D. Ohio Dec. 20, 2012) (ALJ's findings not supported by substantial evidence because ALJ failed to ask vocational expert about effects on work absences of claimant's prescribed infusion treatments).

Plaintiff next claims the ALJ erred by not discussing a note suggesting that Plaintiff sometimes sees and hears things that aren't there (Tr. 413). But this was an isolated report. The Plaintiff has not identified any other instances where hallucinations were reported. While an ALJ has an obligation to consider the entire record, this obligation does not extend to a requirement that he discuss every piece of evidence individually. Thacker v. Comm'r of Soc. Sec, 99 F. App'x 661, 665 (6th Cir. 2004).

Plaintiff next argues that the ALJ did not consider that a prior GAF score had been measured as low as 50. This is incorrect. The ALJ noted that social worker Deborah Story and Nurse Tarah Mathews assessed a GAF of 50 on March 24, 2014 (Tr. 19). However, the ALJ continued his review of the record and observed that by June of 2014, Plaintiff's GAF had increased to 65, suggesting only mild limitations. The ALJ's RFC includes mental limitations, and Plaintiff has not offered evidence that this one-time GAF score of 50 undermines the RFC.

Next, Plaintiff argues that the ALJ misconstrued the records of Dr. Tillet. Plaintiff argues that the records reflect a history of shoulder pain, a narrowing of a joint in her shoulder, arthritis, and a double crush nerve injury (DN 12 at p. 4). Again, the ALJ discussed these records (Tr. 20). Contrary to Plaintiff's assertion that the ALJ did not consider the pain associated with these conditions, the ALJ found Plaintiff's shoulder problems to constitute a severe impairment (Tr. 15). And, the ALJ discussed Plaintiff's pain in detail, noting that she sees Dr. Tillet for her shoulder issues and has undergone treatment for pain management (Tr. 18). Therefore, there is no merit to this claim.

Plaintiff argues the ALJ erred in relying on the opinions of state agency physicians rather than on the opinions of her treating physicians. But Plaintiff offers no citations to contrasting opinions from treating physicians. This argument either misunderstands the distinction between a medical opinion and medical evidence, or it is alternatively so underdeveloped as to be deemed waived. *See* McPherson v. Kelsey, 125 F.3d 989, 995-96 (6th Cir. 1997). Either way, the claim is without merit.

## **ORDER**

For the foregoing reasons, the undersigned concludes the ALJ's findings are supported by substantial evidence, and Plaintiff's complaint (DN 1) is **DENIED**.

Copies: Counsel